# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7416 | **DATE** | 4/16/2002 |
| **CASE TITLE** | KATHERINE DORTCH vs. FINANCING ALTERNATIVE, INC. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendant's motion to transfer case [5-1] is granted. Case is transferred to the U.S. District Court for the Eastern District of Virginia.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | | |
| | No notices required. | | | APR 17 2002 | | |
| | Notices mailed by judge's staff. | | | date docketed | | |
| | Notified counsel by telephone. | | | | | *12* |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | | |
| | Mail AO 450 form. | | | | | |
| | Copy to judge/magistrate judge. | | | | | |
| LG | | courtroom deputy's initials | 02APR16 PM 6:15 U.S. DISTRICT COURT | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | | |

KATHERINE DORTCH,                           )
                                            )
    Plaintiff,                           )
                                            )
    v.                                   )
                                            )
FINANCING ALTERNATIVE, INC.,                )
                                            )
    Defendant.                           )
                                            )

No. 01 C 7416

Judge John W. Darrah

**DOCKETED**
APR 1 7 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Katherine Dortch ("Dortch"), brought this action against Defendant, Financing Alternatives, Inc. ("FAI"), individually and on behalf of two alleged national classes of persons similarly situated. Count I of the complaint, brought by Dortch individually and on behalf of Class A, alleges the Defendant violated the Truth in Lending Act. Count II, brought by Dortch individually and on behalf of Class B, alleges the Defendant violated the Credit Repair Organizations Act. Currently before the Court is FAI's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

This action arose out of an order, placed by Dortch with FAI for a computer and printer were to be delivered to Dortch pursuant to an installment sale contract. Dortch is an Illinois resident. FAI is a Virginia Corporation which has its only office in Virginia. FAI sells computers with payment plans which, it claims, allow individuals with poor credit or no credit history to make purchases without paying the full cash price up front. FAI solicits customers through advertisements in national publications, direct mail advertising, television commercials, and through the internet.

Dortch telephoned FAI and placed an order for a computer and printer after seeing an advertisement on television. The contract she entered into with FAI provided for thirteen

consecutive weekly payments of $39.99 and the shipment of the computer and printer upon completion of the payments. Payments were debited by FAI via wire from Dortch's checking account.

According to FAI, when it attempted to debit the thirteenth payment, the attempt was rejected due to insufficient funds in Dortch's account. As a result, FAI required Dortch to make payments for an additional thirteen weeks in order to receive the computer and printer. FAI claims that Dortch agreed to make the additional thirteen payments; and, subsequently, FAI debited two more payments from Dortch's account. After these two payments, Dortch closed the checking account from which FAI was debiting the weekly payments.

Dortch brought the current action both individually and on behalf of those similarly situated in two alleged national classes (Class A and Class B) pursuant to Federal Rule of Civil Procedure 23(b). Dortch has not yet moved to certify either class.

FAI has moved to transfer the cause of action to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a).

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Law Bulletin Publishing, Co., v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1017 (N.D. Ill. 1998)(*Law Bulletin*). District courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Financial, Inc., v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (*Heller*).

## 1. Venue

Both parties agree that venue is proper in both this and the Virginia court.

## 2. Convenience of the Parties or Witnesses

When evaluating the relative convenience of the parties and witnesses, the court considers: (1) the plaintiff's initial forum choice, (2) the convenience of witnesses, (3) the relative ease of access to other evidence, (4) the situs of material events, and (5) the relative convenience of the parties in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000) (*Amoco*); *Georgouses v. Natec Resources, Inc.,* 963 F.Supp. 728, 730 (N.D. Ill. 1997)(*Georgouses*).

*Plaintiff's Initial Choice of Venue*

The plaintiff's initial choice of forum is usually afforded substantial deference, especially when it is the plaintiff's home forum. The plaintiff's choice in forum should generally be supplanted by the Court when trying the case in the plaintiff's chosen forum will result in vexation and oppression to the defendant that far outweighs the convenience to the plaintiff. *Kamel v. Hill-Rom Company, Inc.,* 108 F.3d 799, 802 (7th Cir. 1997). However, there are other factors to consider, and the weight given to the plaintiff's choice can vary depending on the circumstances of each individual case. *Georgouses,* 963 F.Supp. at 730; *Law Bulletin,* 992 F.Supp. at 1017. Significantly less deference is given to the plaintiff's choice when the plaintiff sues derivatively or as a class representative or when the cause of action did not conclusively arise within the forum. *Countryman on Behalf of Upstate New York Pension and Retirement Fund v. Stein, Roe & Farnham,* 681 F.Supp. 479, 483-484 (N.D. Ill. 1987)(*Countryman*), citing *Koster v. Lumbermens Mutual Casualty, 330 U.S.* 518, 524 (1947) (*Koster*). Where there are potentially hundreds, if not thousands, of plaintiffs from

3

many different states, deference to the plaintiff's chosen forum is considerably weakened. *Koster,* 330 U.S. at 524.

Here, Dortch brought this lawsuit individually and as a member of two separate national classes that would include hundreds, if not thousands, of plaintiffs from many different states. Although the classes are not yet certified, when compared to the overall dollar amount at stake in this case, Dortch's portion of the total could turn out to be a rather insignificant amount.

In addition, Dortch's cause of action did not conclusively arise within this forum. The events giving rise to the causes of action in Dortch's case are the representations made to her by FAI. FAI has its office in Virginia, and any forms or contracts sent to the Plaintiff were sent from Virginia. Any representations that were made to the Plaintiff via television or printed advertisements originated in the Virginia office. Also, all telephone conversations between the Plaintiff and FAI employees took place with the FAI employees located in Virginia, and any representations made in those conversations by FAI were made from Virginia. Furthermore, any decisions made by FAI to engage in any of the alleged activities were made in FAI's home office in Virginia. *See Evangelical Lutheran Church in America v. Atlantic Mutual Insurance Co.*, 973 F.Supp. 820, 822-23 (N.D. Ill. 1997) (situs of events giving rise to an action by an insured against insurer who denied coverage deemed to have occurred at the insurer's home office, where the decision to deny coverage was made).

Based on the above, Dortch's choice of forum is not conclusively dispositive but, rather, is considered as one factor among many factors in determining whether transfer is appropriate.

*Convenience of Witnesses*

The convenience of the witnesses who will testify at trial is one of the most important factors when deciding on an appropriate forum. *Law Bulletin*, 992 F.Supp. at 1018. However, the defendant will not be granted a transfer merely by presenting a long list of witnesses and claiming their inconvenience. *Law Bulletin*, 992 F.Supp. at 1018. Courts go beyond simply looking at the number of witnesses and weigh the quality and nature of their proposed testimony. *Law Bulletin*, 992 F.Supp. at 1018. The defendant is obligated to specify particular witnesses to be called and explain the nature of their testimony. *Heller*, 883 F.2d at 1293. In order to overcome the deference to the plaintiff's forum choice on the issue of witness convenience, the defendant must show that the testimony of these particular witnesses is necessary to his case. *General Portland Cement* Co. v. Perry, 204 F.2d 316, 319 (7th Cir. 1953)(*General Portland*). As a practical matter, it is usually assumed that witnesses within the control of the parties, employees of the Defendant in this case, will appear voluntarily. Therefore, more attention should be given to the location of the non-party witnesses and those witnesses not within the control of the parties. *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F.Supp.2d 1052, 1058 (N.D. Ill. 2002).

FAI has produced a list of witnesses and brief descriptions of their testimony. Given the nature of the complaint and the subject matter of the proposed testimony of FAI's witnesses, it appears that this testimony could be relevant and, indeed, necessary to FAI's defense. FAI lists four current employees as potential witnesses along with five other witnesses who are not within the control of FAI. Notably, the testimony of one Nicole Webb, a former FAI employee, is claimed to include details of a telephone conversation with Dortch which describes the information given to

Dortch about the financial arrangements and the terms of the contract between Dortch and FAI. Contrary to the Plaintiff's claims, testimony of this sort is quite relevant to FAI's defense.

Dortch claims that this case mainly involves form contracts and the disclosures made therein and that the Defendant has not sustained its burden of showing that the witnesses to be called are necessary. Dortch also claims that witness testimony will be limited to laying foundation for the form documents and advertising materials of FAI. However, in light of the alleged claims, it appears that witness testimony will be relevant to far more than simply laying the foundation for documentary evidence. Count II of the Plaintiff's complaint contains claims under 15 U.S.C. 1679b against FAI for "engaging...in any act practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair corporation". Whatever communications took place between Dortch and FAI will certainly be relevant to FAI's defense. Because FAI's witnesses are the only source of this information, other than the Plaintiff herself, the availability of these witnesses is important. Given that this testimony will come from witnesses in Virginia who are not within the control of FAI, this factor weighs heavily in favor of transferring venue to Virginia.

*Relative Ease of Access to Other Evidence*

FAI claims that virtually all the evidence in this case, other than FAI's witnesses' testimony, will consist of the production of FAI's business records, all of which are located in Virginia. FAI also claims that these records are voluminous, and bringing them to Illinois would interrupt its business activities. This consideration is of very little weight in the present case. Transferring records is not a heavy burden to bear in light of modern photocopying and other means of

transferring information. *DiRienzo v. Philip Services Corp.*, 232 F.3d 49, 66 (2nd Cir. 2000). Accordingly, this factor weighs neither in transfer nor of retention.

*Situs of the Material Events*

As previously discussed, the situs of the material events took place primarily in Virginia. The importance of the events that occurred at the location of each individual plaintiff will be relatively minor compared to those that took place in Virginia. Due to the fact that this is an alleged national class action, the logical epicenter of the material events in this case is FAI's offices in Virginia. Accordingly, this factor weighs in favor of transfer.

## 3. Interest of Justice

The analysis of the interest of justice focuses on the efficient administration of the court system, as opposed to the private considerations of the litigants. *Amoco*, 90 F. Supp. 2d at 961. This includes considering: (1) the relative familiarity of the courts with the applicable law, (2) the relation of the respective forums with the issue in the case, and (3) the relative congestion of the court dockets. *Amoco*, 90 F. Supp. 2d at 961; *Georgouses*, 963 F.Supp. at 730.

*Relative Familiarity of the Courts with the Applicable Law*

Since federal subject matter jurisdiction is based on a federal question, the United States District Court for the Eastern District of Virginia has equal footing with this Court in its ability to interpret the applicable law.

*Relation of the Respective Forums with the Issues*

The relation of the Plaintiff's claims to the Illinois forum is weakened by the fact that Dortch brings this claim as an alleged national class action. *Countryman*, 681 F.Supp. at 483. Although the Plaintiff's class has not yet been certified, there is potentially a great number plaintiffs spread

throughout the country. As such, Illinois bears no more relation to the Plaintiff's claims than does any other state where other plaintiffs may reside. On the other hand, all of the plaintiffs' transactions bear a strong relation to Virginia. While Dortch may be inconvenienced by a transfer to Virginia, there is nothing in the record to suggest that the remaining plaintiffs will be inconvenienced less by litigating in Illinois than in Virginia. *See Georgouses,* 963 F.Supp. at 730. Since Virginia is the location of the Defendant's offices and the state of its incorporation, it would seem that Virginia is a more appropriate forum. *See Georgouses,* 963 F.Supp. at 730. Accordingly, this factor weighs in favor of transfer.

*Relative Congestion of the Court Dockets*

Also weighing in favor of transferring this case to Virginia is the relative congestion of the court dockets. However, as admitted by the Defendant, the difference in time to disposition in the Virginia court verses this Court is less than one month. Accordingly, this factor weighs neither in transfer nor of retention.

In sum, transfer to the Eastern District of Virginia is proper. Although Dortch chose this forum, her choice is but one of many factors which the Court considers. The relative ease of access to other evidence, the relative familiarity of the courts with the applicable law, and the relative congestion of the court dockets do not weigh in favor of either transfer or retention. However, compelling factors, including the convenience of witnesses, the situs of material events, and the relation of the respective forums with the issues, weigh heavily in favor of transfer. *See Amoco,* 90 F. Supp. 2d at 962-63 (transferring cause of action because situs of material events, relative ease of access to sources of proof, and relation to respective forum weighed in favor of transfer).

8

Based on the above, FAI's Motion to Transfer this case to the United States District Court for the Eastern District of Virginia is granted.

Dated: *April 16, 2002*

_John W. Darrah_
JOHN W. DARRAH
United States District Judge

9